## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **FRESH FRUIT S.A.**<br>Parcelle No 4 1 er Etage<br>Nouveau Port Anza<br>Agadir, Morocco<br><br>and<br><br>**AGRI SOUSS**<br>Immeuble Najah<br>BP 798, Agadir, Morocco<br><br>and<br><br>**DOMINION CITRUS, LTD.**<br>Ontario Food Terminal<br>165 The Queensway Room 304<br>Etobicoke Ontario M8Y 1H8<br><br>and<br><br>**PROVINCIAL FRUIT CO. LTD.**<br>80 Zenway Blvd.<br>Vaughan, ON - l4H 3H1<br><br>                Plaintiffs,<br><br>v.<br><br>**M/V CARIBBEAN STAR**, her engines,<br>machinery, tackle, apparel, etc, in rem<br><br>and<br><br>**STAR REEFERS SHIPOWNING, INC.**<br>Sp z oo, ul Tadeusza Wendy 15<br>81-341 Gdyania, Poland<br><br>and | Civil Action 12-cv- |

**STAR REEFERS POOL INC.**     :
P.O. Box 309 GT                :
Ugland House, South Church Street :
George Town, Grand Cayman      :
Cayman Islands, BWI            :
                               :
    and    :
                               :
**STAR REEFERS UK LTD**        :
30, Charles II Street,         :
St. James's Square, London, SW1Y 4AE, :
United Kingdom                 :
                               :
    and    :
                               :
**NORBULK SHIPPING UK LTD.**   :
Norbulk House,                 :
68, Glassford Street, Glasgow, G1 1UP, :
United Kingdom,                :
                               :
    Defendants. :

## VERIFIED COMPLAINT IN ADMIRALTY
### *IN REM* AND *IN PERSONAM*

Plaintiffs, by and through their undersigned attorneys, bring this civil action against Defendants and upon information and belief aver as follows:

### JURISDICTION

1. Plaintiffs Fresh Fruit S.A., Dominion Citrus, Ltd., and Provincial Fruit Co. Ltd. (hereinafter collectively "Plaintiffs") bring this suit against Defendants under the provisions of 28 U.S.C. § 1333, as this is an admiralty and maritime claim within the meaning of RULE 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE and the specific procedures of said Rules relative to admiralty actions.

## THE PARTIES

2. At all times hereinafter mentioned, Plaintiffs were and still are business entities duly organized and existing under the law with offices and places of business as set forth in the caption, and were and still are shippers and exporters and/or importers of fruit, *inter alia*.

3. Upon information and belief, at all times hereinafter mentioned, Defendant M/V CARIBBEAN STAR (hereinafter "vessel") was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation and, upon information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

4. Upon information and belief, at all times hereinafter mentioned, Defendants Star Reefers Shipowning Inc., Star Reefers Pool, Inc., Star Reefers UK, Ltd., and Norbulk Shipping UK Ltd. (hereinafter collectively "Defendants") were and still are business entities duly organized and existing under the law, with the addresses set forth in the caption, and were the owners, and/or disponent owners, and/or charterers, and/or managers, and/or operators of the vessel and were engaged in the common and/or private carriage of merchandise by water for hire.

## BACKGROUND

5. Plaintiffs were and/or are the shippers, and/or consignees, and/or owners, and/or successors in title of the cargo described within and they bring this action on their behalf and as agents and trustees on behalf of and for the interest of all parties who are, may be, or become interested in said shipment, as their respective

interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

6. Plaintiffs and all other parties in interest have duly performed all valid conditions precedent to the contracts of carriage on their part to be performed and all conditions precedent to Plaintiffs recovering under the bills of lading have occurred or have been performed by Plaintiffs and/or their predecessors in title.

7. At all times material hereto, Defendants were and are now engaged in the business of common carriage and/or private carriage of merchandise by water for hire and owned, operated, managed, chartered, possessed, and/or controlled various vessels, including the vessel, as common and/or private carriers of merchandise for hire.

8. Vessels owned, operated, managed, chartered, possessed, and/or controlled by Defendants have used the ports of the State of Delaware, discharged and loaded cargo therein, been supplied services and stores therein, and Defendants are subject to service of process under the applicable admiralty practice and the statutes of the State of Delaware.

9. Prior to the commencement of this action, Plaintiffs became the owners for value of the cargo in question and the covering bills of lading, and/or the successor in title to the rights and interest of the holder of the bills of lading, and brought this action on behalf of, and for the interest of all parties who are, or may become, interested in the cargo in question as their respective interests may ultimately appear.

10. All and singular, the matters alleged are true and correct.

11. Plaintiffs reserve the right to amend and supplement this Complaint as

further facts become available.

## COUNT ONE

12. Plaintiffs incorporate the averments contained in all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein

13. On or about November 13, 2011 at Agadir, Morocco (hereinafter "place of loading"), there was shipped and delivered to the Defendant vessel, and the other Defendants, as common and/or private carriers, for delivery to the port of Wilmington, DE, a cargo of clementines in boxes, owned and/or shipped by Plaintiffs, then being in good order and condition, and Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, executed and delivered certain bills of lading including but not limited to bill(s) of lading SREE103AGAWL005 through SREE103AGAWL0015 (attached as **Exhibit "A"**), signed and delivered to the shippers of said cargo by Defendants, or by the Master of the vessel and/or his duly authorized agent, or other contract(s) of carriage, to the shippers, agreed to transport and carry the said shipment to the destination stated therein and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in the bill of lading.

14. Thereafter, Defendants loaded the said merchandise on the vessel, which having on board said merchandise sailed from the port of loading but was delayed on the voyage due to a diversion for hull repairs. Further, the cargo, on arrival and at time of discharge from the vessel in Wilmington, DE, was not in the same good order and condition as when delivered to Defendants and the vessel, but rather, the cargo was

seriously impaired in value by reason of sustaining physical damage and/or shortage, *inter alia*.

15. The loss of and damage to Plaintiffs' merchandise was not caused by any act or omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the vessel and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of Defendants' contracts of carriage and other agreements with Plaintiffs.

16. By reason of the unseaworthiness of the vessel, and/or Defendants' breach of the contracts of carriage and other agreements with Plaintiffs, Plaintiffs have sustained damages presently estimated to be in excess of Seventy Five Thousand Dollars ($75,000) plus interest, costs, and attorney's fees. Plaintiffs seek payment of compensatory damages and reserve the right to increase this amount should their losses ultimately be in excess thereof.

17. The applicable bills of lading and/or contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, Ch. 229, 49 Stat 1207 (1936), reprinted in note following 46 U.S.C. §30701, formerly 46 U.S.C. appx. §1300 et seq., and/or other applicable laws or conventions.

18. By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the

vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

    (b)    Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the matters herein.

    (c)    If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

    (d)    Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs, and attorney's fees.

    (e)    The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT TWO

19.     Plaintiffs incorporate the averments of all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein.

20.     The loss of and damage to Plaintiffs' merchandise was caused by the carelessness, negligence, breach of duty or breach of warranty and lack of due care of Defendants.

21.     By reason of the Defendants' carelessness, negligence, breach of duty or breach of warranty, and lack of due care, Plaintiffs have sustained damages presently estimated to be in excess of Seventy Five Thousand Dollars ($75,000) plus interest, costs, and attorney's fees. Plaintiffs seek payment of compensatory damages and reserve the right to increase this amount should their losses ultimately be in excess thereof.

22.     By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs, and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums

found due them.

(b) Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular, the matters herein.

(c) If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d) Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs, and attorney's fees.

(e) The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

CAMPBELL & LEVINE, LLC

By: *(signature)*
Bernard G. Conaway (DE 2856)
Ayesha Chacko Bennett (DE 4994)
800 North King Street, Suite 300
Wilmington, DE 19801
(302) 426.1900, ext. 103
(302) 426-9984 (fax)
bconaway@camlev.com
achacko@camlev.com

DATE: November 20, 2012

OF COUNSEL:

**MATTIONI, LTD.**

Stephen J. Galati, Esquire
399 Market Street, Second Floor
Philadelphia, PA  19106
(215) 629-1600

*Attorneys for the Plaintiffs Fresh Fruit S.A., Dominion Citrus, Ltd., and Provincial Fruit Co. Ltd*